```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             FORT WORTH DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §   CRIMINAL NO. 4:08-CR-098-Y(31)
                                  § (CIVIL NO.                     )
                                  §
SELWYN MACFIELD MARTIN            §
```

ORDER CONSTRUING LETTER/MOTION FOR "SENTENCE REDRESS" AS A
SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 and,
TRANSFERRING MOTION UNDER 28 U.S.C. § 2255
(With Special Instructions to the Clerk of Court)

On December 30, 2011, defendant/movant Selwyn Macfield Martin sent a three-page typed letter/motion to the Court in which he seeks "sentence redress," alleges deficiencies in this Court's sentencing of him, and asks the Court to correct his sentence. Martin was convicted by judgment entered August 25, 2009 of three separate counts of unlawful use of a communication facility to facilitate a drug transaction in violation of 21 U.S.C. § 843 (b) and (d), and he was sentenced to a term of imprisonment of 48 months on each count to run consecutively for an aggregate sentence of 144 months. Martin did not file a direct appeal. His first motion under § 2255 was voluntarily dismissed, and the second such motion was dismissed as barred by limitations.[1]

By this letter/motion Martin argues that the Court erred in failing to group his counts of conviction and in failing to run his sentences concurrently. (December 30, 2011, letter/motion at 1.)

---

[1] The Court takes judicial notice of the records and docket of this case. The first § 2255 motion was assigned civil number 4:10-CV-638-Y. The second § 2255 motion was assigned civil number 4:11-CV-535-Y.

Martin also contends that the sentence imposed exceeds the Court's jurisdiction. *(Id.,* at 3.)  As by the letter/motion Martin challenges this Court's imposition of sentence, the Court will construe the motion as a successive motion for relief under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[2]  The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[3] Since the instant motion under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, this Court is without jurisdiction to consider it unless leave to file it is is granted by the United States Court of Appeals for the Fifth Circuit. In such circumstances, the Fifth Circuit has authorized the transfer of such successive motions under § 2255 to that court.[4] As a result, the

---

[2]*See* 28 U.S.C.A. § 2255(h)(West Supp.2011); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West Supp. 2011).

[3]*Felker v. Turpin,* 518 U.S. 651, 664 (1996).

[4]*See In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997); *see also United States v. Stapleton,* Criminal No. 04-30004, 2008 WL 5169571, at *1 (W.D.La. 2008)

> (Because [§ 2255 movant] has not received [authorization from the court of appeals] or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion. However, because the plaintiff is *pro se*, and in the interests of judicial economy, it makes sense to transfer this matter to the Fifth Circuit instead of simply dismissing it for lack

Court concludes that in the interests of judicial economy, Selwyn Macfield Martin's December 30, 2011, letter/motion construed as seeking relief under 28 U.S.C. § 2255, will be transferred to the United States Court of Appeals for the Fifth Circuit.

Therefore, Selwyn Macfield Martin's December 30, 2011, letter/motion seeking "sentence redress" is construed as a motion for relief under 28 U.S.C. § 2255. The clerk of Court is directed to so docket the motion and assign any civil number required for docketing purposes.

Martin's December 30, 2011 motion construed as seeking relief under 28 U.S.C. § 2255 is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

SIGNED January 11, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

of jurisdiction.)